The Parsch Realty Co. v. Commissioner.
Parsch Realty Co. v. Commissioner
Docket No. 44833.
United States Tax Court
T.C. Memo 1954-142; 1954 Tax Ct. Memo LEXIS 106; 13 T.C.M. (CCH) 845; T.C.M. (RIA) 54248; August 26, 1954, Filed R. H. Rice, Esq., 814 Elyria Savings Building, Elyria, Ohio, for the petitioner. James A. Scott, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax totaling $558.86 for the calendar years 1947 and 1948 and a personal holding company surtax liability of $8,340.10 plus a penalty of $2,085.03 for failure to file a timely return for the year ended December 31, 1948. The income tax deficiencies are uncontested. The issues for decision are: (1) Whether petitioner is liable as a personal holding company for the surtax imposed by section 500 of the Internal Revenue Code of 1939; and (2) whether the penalty provided for by section 291(a) of the Code *107 was properly imposed. Findings of Fact The stipulated facts are found as facts and the stipulation and the attached exhibits are included herein by reference. Petitioner was an Ohio corporation during the taxable years 1947 and 1948 with offices at Elyria, Ohio. Its federal income tax returns for those years were filed with the collector of internal revenue for the eighteenth district of Ohio at Cleveland, Ohio. Petitioner maintained its books and filed its returns on an accrual basis. Prior to 1924 a lumber, coal and builders' supply business had been operated by a partnership. In 1924 the partnership was incorporated and two Ohio corporations were formed to carry on the business. Petitioner was one of these corporations. All land and buildings of the partnership were transferred to petitioner. The assets of the actual operating business such as inventories and equipment were transferred to The Parsch Lumber & Coal Co., hereafter referred to as the Lumber Company. All assets were transferred solely in exchange for the capital stock of petitioner and the Lumber Company. From the time of their incorporation through the year 1948, petitioner and the Lumber Company operated *108 as separate entities. During 1948 the officers, stockholders and shareholders of both were identical. The stockholders and their share holdings were as follows: Ray C. and Helen Cronin, husband
and wife
799 shares
H. P. Shaughnessy, individually
and as Trustee for his children
250 shares
F. A. and Claire Helfrich, husband
and wife
75 shares
D. J. Ryan, Jr.
376 shares
Total
1,500 shares
This stock ownership meets the "stock ownership requirement" of section 501(a)(2) of the Code. In 1948 the rental income shown on petitioner's books did not exceed 50 per cent of its total income. This is the only year in which that situation existed. For the years 1941 through 1948, petitioner accrued on its books intercompany rents as income from the Lumber Company to account for the use of petitioner's real estate and the Lumber Company accrued on its books the same amounts as rent expense. The intercompany rents so accrued for the years 1947 and 1948 were in the respective amounts of $7,762.90 and $6,404.33, which amounts were based on 1.5 per centum of the gross sales according to the books of the Lumber Company. The rent for 1946 was based on the same percentage. *109 For each of the years 1942, 1943, 1944, and 1945 the accrued rent was based on 2.5 per centum of the gross sales. The intercompany rents so accrued were claimed as deductions by the Lumber Company on its federal income tax returns for said years and were also included in petitioner's income tax returns for those years. In 1948 petitioner received in addition to such accruals, cash rent of $360 for property rented to another tenant. Other than the rent accrued in the amount of $6,404.33 and the $360 cash rent, petitioner's gross income for 1948 consisted of dividends in the amount of $6,645, capital gains in the amount of $1,119, and an insurance refund of $65.82. The two companies (petitioner and the Lumber Company) were merged in 1951. In the meantime the intercompany accounts, including the account for rents, were permitted to accumulate without payment. In addition to the rent account there were intercompany loans, loans to stockholders, and payment by one company of obligations of the other. Upon merger the aggregate of intercompany accounts was balanced off and eliminated. During the period of operation as separate entitles there was no definite agreement as to the amount *110 of rents to be paid to petitioner by the Lumber Company except as shown on the books of both companies. No stockholder meetings were held by petitioner. In 1950 after examination of petitioner's 1948 return by an internal revenue agent indicated a personal holding company surtax liability, petitioner employed real estate appraisers to determine the "fair market value" and the "fair rental value" of the real estate rented by petitioner to the Lumber Company. The appraisers found the fair market value of the real estate to be $73,110 and the fair rental value to be $8,773.20 per year. Thereafter, on July 17, 1950, petitioner filed an amended income tax return for 1948 and thereon increased the accrual of the rent which had originally been reported at $6,404.33, to $8,773.20. From 1941 petitioner continuously employed a firm of qualified public accountants to supervise its accounting, take off statements, and prepare and file all required tax returns, both federal and state. Petitioner furnished these accountants with all information necessary to file proper returns and from which information it could have been ascertained whether or not petitioner was required to file a return *111 as a personal holding company. Petitioner relied solely on its accountants to prepare and file all required tax returns. The failure of petitioner timely to file a personal holding company return for 1948 was due to reasonable cause and not due to wilful neglect. Opinion On the first issue petitioner makes several contentions, none of which, in our opinion, has validity. The stipulated facts establish that petitioner was a personal holding company in 1948 under section 501(a)(2). Nevertheless, petitioner first argues that the rent accrued in 1948 was not properly accruable because there never was an expectation that such accruals would ever be paid. Petitioner bases this argument on testimony by one of its officers to that effect. Contrariwise is the practice over many years of the petitioner in accruing rentals on its books, reporting the accruals for tax purposes and never taking the position over the years that such rentals were in fact not collectiable and that it never intended to collect. On the record before us, we think it is inescapable that the rentals were accrued in good faith and that no effort was ever made to collect or, to the contrary, that the rentals were *112 not uncollectible. The argument now made by petitioner appears to be pure hindsight, never backed up by facts. The cases cited by petitioner to support its argument, i.e., Society Brand Clothes, Inc., 18 T.C. 304, holding that the creditor was not required to accrue interest on a note regarding which there was an agreement not to collect interest until the debtor was financially able to pay, and Oregon Terminals Co., 29 B.T.A. 1332, to the effect that the taxpayer was not required to accrue rentals owing under a lease which in all probability it would never receive, are not applicable. There is nothing in this record to indicate that petitioner in all probability ever considered it could not or would not be able to collect the rentals which it was accruing overthe years and which the Lumber Company also was taking as deductible expenses on its books and both consistently treating them for tax purposes, - the one as income, the other as expenses. We think the accruals for rent were clearly taxable income of petitioner in u948. Secondly, petitioner argues thatthe accrued rent was not properly treated as "holding company income" because it was rental for the *113 "use of corporation property by shareholder" under section 502(f). But this argument is erroneous because the real property for which the rentals were accrued was used by the Lumber Company and not by shareholders of petitioner. The Lumber Company was a separate taxable entity, had been so regarded for years by the parties hereto, and, despite the fact that no stockholders meetings were held, we can perceive no basis for disregarding thecorporate entity. Thirdly, petitioner argues that if the accrued rent is to be properly regarded as holding company income, then the true amount to be accrued is that which is now suggested by petitioner as the result of the conclusion of the appraisers which it employed "after the fact" to ascertain what would have been the "fair rental value" of the real estate for 1948. We can give no effect tax-wise to this appraisal. No dispute ever existed as to the amount of rents between petitioner and the Lumber Company. Both petitioner and the Lumber Company were owned by identical stockholders, the stockholders in each holding the same proportionate number of shares. Over the years the rent accrued by petitioner was acquiesced in by the Lumber Company and *114 the rent deducted on the books of the Lumber Company was known and consented to by petitioner. Both used the book amounts for tax purposes, petitioner accruing the rent as income and the Lumber Company claiming the identical amount as an expense deduction. It was not until an agent of the Commissioner, after examination of petitioner's books, brought to light the possibility that petitioner had a personal holding company liability for surtax in 1948 that any question as to the amount of the yearly rental was raised. We do not think any basis has been established for retroactively applying to 1948 the result of the appraisal thereafter made of "fair rental value". This is not a question of correcting a mistake. It has more the appearance of petitioner's trying to pull itself up by its boot straps in order to escape a surtax liability. We conclude on the first issue that petitioner is liable as a personal holding company for the surtax as determined by the Commissioner. On the second issue, as indicated by our findings of fact, we hold for petitioner. The accountants relied on for the preparation and filing of all tax returns were competent and qualified to perform the duties called *115 for. All information necessary to disclose the necessity for filing a personal holding company return for petitioner was furnished the accountants, and while their failure to prepare and file such a return is inexplicable, we conclude that petitioner has shown that it exercised reasonable care in this respect. Accordingly, we hold that the imposition of the section 291(a) penalty is disapproved. Decision will be entered under Rule 50.